## Dormont Borough Appeal.

Argued November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Clair V. Duff,* Borough Solicitor, for appellant.

*Arthur Wessel, Jr.,* for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This appeal is from an order of the lower court dismissing an appeal by the Borough of Dormont from a decision of the Zoning Board of Adjustment.

The borough's secretary, manager, and inspector were ordered by the court to issue a building permit to intervening appelles, Mr. and Mrs. Everett Brake, who made application to alter the second floor of their garage heretofore used as a pigeon coop.

The district where the Brakes reside is classed as B-2 residence area by which single family dwellings, two family dwellings, multiple and mixed occupancy buildings are permitted. The borough manager refused to grant the permit, basing his reasons on Section 30J of Article VIII of the Borough Ordinance which reads as follows:

"Lot Area Per Family. The minimum requirements as to lot area per family housed thereon shall be as follows: One family dwelling, 2500 square feet; Two family dwelling, 1500 square feet; Multiple dwelling, not exceeding three stories in height, 800 square feet pro-

vided that the required lot area per family may be reduced ten per cent for a corner lot."

The manager also relied upon Article VIII, Section 25 of the ordinance which provides:

"except as otherwise provided herein, no building shall hereafter be erected and no existing building be enlarged or rebuilt, nor shall any open space surrounding any building be encroached upon in any manner except in conformity with the regulations hereby established for the district in which said building is located. No yard, court or other open space provided about any building for the purpose of complying with the provisions of these regulations shall again be considered as a yard, court or open space for another building."

The Brakes appealed to the board of adjustment which reversed the action of the borough manager. Was the lower court in error in dismissing the appeal?

Appellant argues that the board of adjustment, in reversing the manager, acted arbitrarily, unreasonably and in violation of an ordinance which prohibits the proposed use of the premises in question. Appellees, however, contend that the purpose of any reasonable ordinance is to preserve the character of the district with a view of conserving the value and encouraging the most appropriate use of land.

There is evidence that remodeling of this garage from a pigeon coop into an apartment will not devaluate surrounding property. The use of a property for dwelling purposes is considered to be the most desirable of all uses. *Crawford Zoning Case*, 358 Pa. 636, 57 A. 2d 862.

A property owner, appellees contend, has a legal right to remodel his property under the plain words of this zoning ordinance if the words are to be given their usual and ordinary meaning, and that expressed restric-

tions imposed by zoning ordinances should be strictly construed.

Did the board of adjustment and the lower court err in their interpretation of the ordinance relied upon by appellant?

An analysis of the ordinance does not disclose to us any provision that could be reasonably interpreted as prohibiting the issuance of a remodeling permit. Appellees propose to alter the second story with no encroachment upon the present area and without reducing the present court area. The physical appearance of the area and the premises when remodeled will be improved, according to the testimony of property owners in the neighborhood.

We agree with the lower court's interpretation that Section 30 (j) has no application to the facts of this case; it refers to lot area requirements in respect to (1) single family dwellings; (2) two family dwellings; and (3) multiple dwellings. As to the instant case of a mixed use building, the ordinance is silent and any forced interpretation to the contrary is not reasonable.

Now as to Article VIII, Section 25, we find that it provides against enlarging or rebuilding old buildings or encroaching upon open space surrounding any building and this phrase is preceded by the phrase, "except as otherwise provided herein," and is followed by the proviso, "except in conformity with the regulations herewith established for the district in which such building is located."

There is evidence in the record that when the proposed construction is completed there will be no more of a building on the lot nor less area surrounding it than there is now. At the time of the application, the building was being put to a mixed use—a garage and a pigeon coop. The proposed future use will also be mixed except, instead of a pigeon coop, the upper floor

will be remodeled into a place of human habitation. The argument that a granting of the permit will tend to overcrowding in the borough is not persuasive in view of the fact that the district is already composed of rows of houses, double houses, duplexes, apartments, and single family dwellings converted to two family dwellings. In the *Crawford Zoning Case*, 358 Pa. 636, 57 A. 2d 862, the court said:

" 'The use of a property for dwelling purposes is considered to be the most desirable of all uses . . . Any restriction in the use of a property based on the police power of a municipality must bear some relationship to the public health, safety, morale and general welfare of the community.' "

Article II, Section 3, of the ordinance defines a single family dwelling as "a separate building designed for or occupied exclusively by one family." The building in question never was used as a single family dwelling; it always had a mixed use and will continue to have a mixed use in the future.

However, the main and most important question before us to decide is "whether the board of adjustment in reversing the action of the borough manager was guilty of an abuse of discretion."

" 'Only where the record clearly establishes an arbitrary, capricious or unreasonable determination or a clear violation of positive law will appellate courts interfere with the exercise of an administrative duty by officials entrusted therewith.' " *Reininger Zoning Case*, 362 Pa. 116, 66 A. 2d 225. See also *Floersheim Appeal*, 348 Pa. 98, 34 A. 2d 62. The proposed remodeling, in our opinion, is not prohibited by any specific provision of the ordinance nor is there any violation of the law.

There is sufficient evidence to support the findings of the board and the order of the lower court.

Order affirmed.