545 A.2d 989

Borough of Ingram, Appellant *v.* Zoning Hearing Board of The Borough of Ingram et al., Appellees.

Argued May 24, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*James C. Larrimer, Dougherty, Larrimer & Lee,* Solicitor, for Borough of Ingram, appellant.

*William P. Bresnahan,* with him, *Thomas R. Solomich, Rothman, Gordon, Foreman & Groudine, P.C.,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, August 15, 1988:

The Borough of Ingram (Borough) appeals an order of the Allegheny County Court of Common Pleas affirming a decision by the Zoning Hearing Board of the Borough of Ingram (Board) granting front, rear, and side yard variances and authorizing a permit to Norman E. and Lynne Popham for the construction of a garage on their property.

The Pophams reside at 339 Scotia Street in the Borough. They also own a 4800 square foot irregularly shaped lot next to their residential lot. The Pophams use this lot for gardening purposes and to park their two trucks. Both lots are located in an R-3 (High Density Residential) district.

The Pophams wish to construct a 24 foot by 24 foot garage on the vacant lot in which to house their two trucks. Mr. Popham testified before the Board that he needed the garage because one truck had been stolen and another vandalized within several months.

The Pophams propose to construct the garage at the farthest point from their residence in order to retain the maximum amount of open useable space in between. In order to do so, they sought front, rear, and side yard variances from the set-back requirements for dwellings in an R-3 district contained in the Borough's zoning ordinance.

An initial application for a building permit was denied by the Borough Manager on the basis that the proposed plan did not conform to the set-back requirements for dwellings. On appeal, the Board granted variances, permitting the front yard to be 6.87 feet, the rear yard 2 feet and the side yard 2 feet. The Board held that the Pophams had demonstrated an unnecessary hardship entitling them to a variance and the provisions of the zoning ordinance cited by the Borough pertained to dwellings rather than garages. The common pleas court affirmed the Board's decision.

On appeal to this Court, the Borough contends that the Pophams did not present evidence entitling them to the variances and that those variances requested were not the minimum which would afford relief. The Borough maintains that the Pophams have not shown an unnecessary hardship entitling them to the variances from the minimum yard requirements set forth in Sections 704.1(c) and 1703.2 of the zoning ordinance.

Where, as here, the common pleas court has taken no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Section 704.1(c) sets forth the minimum yard requirements for single-family and two-family dwellings in an R-3 District. It reads:

C. *Yards.* The following yards shall be provided:

1. A front yard, the depth of which shall be not less than twenty-five (25) feet;

2. A rear yard, the depth of which shall not be less than thirty (30) feet;

3. A yard on each side, the width of which shall not be less than five (5) feet.[1]

Section 1703.2 provides that where a lot:

a. Abuts the side lot of only one (1) lot occupied by a main building less than twenty-five (25) feet from the abutting side lot line, the front yard requirements of such zoning lot may be the average depth of the front yard of the abutting occupied lot, and the depth required in the district.[2]

---

[1] We note that both the Board and the court of common pleas state that Section 704.1(c)(3) provides that the side yard depth is to be half the required front yard depth. However, we have cited that version of Section 704.1(c)(3) which appears in the zoning ordinance which has been certified to us as part of the record by the court of common pleas.

[2] We note that such averaging provisions were held invalid by our Supreme Court in *White's Appeal,* 287 Pa. 259, 134 A. 409 (1926). As neither party had raised this issue however we will deem it to be waived.

The Board found that the Popham's existing dwelling has a side yard depth of 3 feet, 3⅞ inches and a front yard depth of 13 feet, 1½ inches. Therefore, if these portions of the zoning ordinance were applicable to the Popham's proposed plan, the garage would need a front yard of at least 19.06 feet (average of 25 feet required in Section 704.1(c)(1) and the 13 feet, 1½ inches of front yard to the Popham's residence, a rear yard of at least 30 feet and a side yard of at least 5 feet. However, Section 704.1(c)'s requirements do not apply to the proposed plan. The minimum yard requirements as outlined in Section 704.1(c) apply to single-family and two-family *dwellings* in an R-3 district.

"Dwelling" as defined as follows in Section 202 of the zoning ordinance:

> Any building or portion thereof, which is used *for residents* except [a] club, dormitory, group homes [sic], nursing home, hotel, or tourist home. (Emphasis added.)

One and two family dwellings are defined as "buildings designed for and used exclusively for occupancy by" one or two families.

A "garage" is defined in Section 202 of the zoning ordinance as "[a] building or portion thereof, used for the storage but not repair or service of motor vehicles." The Popham's propose to construct a garage solely for the purpose of storing their trucks and equipment. Clearly the provisions of the zoning ordinance pertaining to dwellings are inapplicable.

We agree with the common pleas court that the case of *Dormont Borough Appeal,* 180 Pa. Superior Ct. 550, 119 A.2d 827 (1956) is applicable here. In that case, the borough manager refused to issue a building permit to the appellees who sought to alter the second floor of their garage. The second floor had been used as a pigeon coop and the appellees wished to make it into an

apartment. The board of adjustment reversed and the common pleas court dismissed the borough's appeal. The Superior Court affirmed, holding that the minimum lot area provisions of the zoning ordinance which the borough manager relied on applied to single, two, and multiple family dwellings. The court held that these provisions did not apply to the proposed mixed-use dwellings. The zoning ordinance did not contain minimum lot area requirements for mixed-use dwellings and the court held any forced interpretation to the contrary would not be reasonable.

A garage is permitted as an accessory use in an R-3 district pursuant to Sections 202(d) and 701.11 of the zoning ordinance. Section 708.5(b) of the zoning ordinance contains specific setback requirements for garages. Section 708.5(b) reads as follows:

> A garage must be so located that when its doors are open, no part of a door may extend beyond the line of the property on which the garage is located; and no part of any garage shall be built or located closer than five (5) feet from the side line of the property, five (5) feet from the rear line of the property, or five (5) feet from a public alley.

The Board should have applied Section 708.5(b)'s set-back requirements for garages. If it had done so, side and rear yard variances would have been required according to the Popham's proposed plan which calls for two-foot rear and side yard set-backs. It is clear that by moving the proposed garage closer to their residence, the Pophams could comply with the five foot rear and side yard set-backs. Thus there is no hardship justifying a grant for these two variances.

We now turn to the question of the appropriate front yard set-back. The zoning ordinance defines front yard as follows:

> *Yard:* An open space on a lot, other than a court, unoccupied and unobstructed from the ground to the sky, *not occupied by structure [sic] or used for parking or storage,* except as otherwise provided, and not including any portion of a street or alley.
>
> Front: *A yard extending across the full width of the lot* and abutting the front lot line, the required depth of which yard is a prescribed minimum distance between the front lot line and a line parallel thereto on the lot.

(Emphasis added.)

Although Section 704.1(c)'s 25 foot front yard set-back requirement applies only to dwellings, a garage, or any other structure for that matter, may not be erected within that front yard. Here, the Popham's two lots have been combined to create one residential lot for zoning purposes. Therefore, according to the zoning ordinance, the front yard extends across both lots and may not be occupied by a structure.

Although the requirement of Section 704.1(c) front yard set-back is 25 feet, the Board found that the existing front yard of the residential lot is 13 feet 1½ inches. As the residence is apparently a legal prior structure which is nonconforming as to the front yard requirement, the Popham's are entitled to a front yard set-back of 13 feet 1½ inches for the garage pursuant to the rule set forth in *Grubb Appeal,* 395 Pa. 619, 151 A.2d 599 (1959).[3]

The Board found that the Pophams could not build the proposed garage anywhere on their lot if required to meet the set-backs for dwellings in Sections 704.1(c)

---

[3] In *Grubb,* a variance was granted for the construction of a proposed addition because the side yards and set-backs for the proposed construction were for all practical purposes the same as the existing structures which were nonconforming.

and 1703.2. As we have determined, these provisions of the zoning ordinance were inapplicable and the actual set-back requirements which should have been evaluated are the 5 foot side and rear set-backs contained in Section 708.5(b) of the ordinance and the existing 13 foot 1½ inch front yard set-back. As the proper set-back requirements involve less footage than those provisions which the Board considered in deciding to grant the variances, it is not clear whether the proposed garage could now be located on the property in compliance with the zoning ordinance. Without such a necessary finding, we are unable to properly perform our duty of appellate review.

Accordingly, we are constrained to remand this matter to the trial court for findings as to whether the proposed garage can be placed on the lot within the applicable set-back requirements and if not, whether those variances requested are the minimum which would afford relief. The trial court may in its discretion remand the matter to the Board for the taking of further testimony concerning these issues.

## ORDER

AND NOW, this 15th day of August, 1988, the order of the Allegheny County Court of Common Pleas, in the above-captioned matter is vacated and the case is remanded to said trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.