641 A.2d 32

**Stuart HIRSCH and Velma Hirsch,**

**v.**

**The ZONING HEARING BOARD OF THE BOROUGH OF FOX CHAPEL and the Borough of Fox Chapel and William P. and Christine M. Voegele, husband and wife**

**Appeal of William P. and Christine M. VOEGELE, husband and wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided April 11, 1994.

James R. Mall, for appellants.

Ronald G. Backer, for appellees.

Before McGINLEY and NEWMAN, JJ., and NARICK, Senior Judge.

NEWMAN, Judge.

This is an appeal by William P. Voegele and Christine M. Voegele, his wife (the Voegeles) from an Order of the Court of Common Pleas of Allegheny County (trial court) reversing a decision of the Zoning Hearing Board of the Borough of Fox Chapel (Board). The Board had granted the Voegeles a variance from a forty (40) foot side and rear yard set back requirements with regard to the installation of a satellite dish antenna in their backyard.

The facts of the case are undisputed. In the fall of 1988, the Voegeles installed a satellite dish on their property to assist with television reception. At the time the satellite dish was erected, the Voegeles were unaware that several months prior, in July of 1988, the Borough of Fox Chapel (Borough) had enacted Ordinance Number 486 (Ordinance) regulating the location of satellite dishes.

The relevant sections of the Ordinance for purposes of review are sections fifteen (15) and sixteen (16). The former provides as follows:

> All satellite dish antennae must be located in the rear yard of all buildings and residential dwellings and must comply with the setback requirements for structures as set forth in the Zoning Ordinance, Part 1 of Chapter XXVII of the Code of Ordinance of Fox Chapel.

The latter provides as follows:

> All satellite dish antennae must be completely screened and no portion of the satellite dish antennae structure may be visible (1) from anywhere on any adjacent property (including any habitable portion of any building, dwelling or other structure) and (ii) from any public road.

The Voegeles' satellite dish was installed thirty-one (31) feet from their side yard boundary and was visible from their adjoining neighbors'[1] property. In March of 1989, the Hirschs objected to the presence of the satellite dish. Consequently, the Voegeles sought a variance from the Board.

The Board conducted a hearing on July 19, 1989 in connection with the Voegeles' request for a dimensional variance for their satellite dish. By written decision dated August 30, 1989, the Board granted the requested variance from the setback requirement. The Hirschs filed an appeal with the trial court which remanded the matter to the Board since its hearing was not transcribed, and thus precluded the trial court from conducting meaningful appellate review.

---

1. The neighbors are appellees herein, Stuart Hirsch and Velma Hirsch (the Hirschs).

A second hearing by the Board was conducted on February 1, 1990. On March 12, 1990, the Board again granted the requested variance, and held that to compel the Voegeles to move the satellite dish "would serve no useful purpose." Board's decision of March 12, 1990 at 2. In its decision, the Board also mandated that the Voegeles plant an additional six (6) trees to screen the satellite dish from the Hirschs' view.[2] On April 6, 1990, the Hirschs again appealed the Board's decision to the trial court. The trial court reversed the Board's decision because it found, after a review of the record, that the Board had abused its discretion. The trial court reasoned that substantial evidence did not exist in the record to justify granting a variance under Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.2. Hence, the Voegeles have appealed to this Court.

The Voegeles present two (2) issues on appeal: 1) Whether the trial court erred in ignoring the substantial evidence[3] contained in the record justifying the Board's decision as well as in substituting its findings for those of the Board; 2) Whether the Voegeles are entitled to a variance pursuant to the *de minimis* doctrine since their satellite dish is only nine (9) feet short of the Borough's forty (40) foot set-back requirement.

It is well settled that a court's standard of review in zoning matters where the lower court did not conduct a hearing or receive any evidence is to determine whether the Board committed an abuse of discretion or an error of law in granting the variance. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

In *Valley View,* our supreme court set forth the standards governing the grant of a variance. The court stated:

2. These trees were in addition to several other trees planted by the Voegeles after the Hirschs first complained about the satellite dish.

3. The supreme court in *Valley View* stated that "substantial evidence" is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 555, 462 A.2d at 640.

The reasons for granting a variance must be substantial, serious and compelling. The party seeking the variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest. The hardship must be shown to be unique or peculiar to the property as distinguished from a hardship arising form the impact of zoning regulation on an entire district.

*Id.* at 555–556, 462 A.2d at 640. (Citations omitted).

■ The trial court properly determined that the Board abused its discretion in granting the variance since the record lacks any evidence establishing that a denial of the requested variance would result in any unnecessary hardship to the Voegeles. *Valley View.* Specifically, the Board's decision lacks any findings as to the possibility that the Voegeles' satellite dish could be installed in strict conformity with the provisions of the Ordinance, that is, be located at a point that would fully comply with the set-back requirements imposed by Section 15 of the Ordinance. Moreover, the Board did not render a finding that there was anything unique about the Voegeles' property that would necessitate granting a variance. It is clear from the record that the Voegeles failed to sustain their burden of proof. Consequently, the Board's action granting a variance was an abuse of discretion.

The Voegeles' argument that the trial court improperly substituted its judgment for the Board is not supported by the record. To the contrary, the trial court applied appropriate legal standards in determining that the Board abused its discretion in granting the variance.

■ The Voegeles next contend that they should be entitled to a variance since their satellite dish is only nine (9) feet short of the forty (40) foot set-back requirement as set forth by the pertinent Ordinance since their violation is *de minimis*. In *King v. Zoning Hearing Board of Nazareth*, 76 Pa.Commonwealth Ct. 318, 320, 463 A.2d 505, 505 (1983), we stated:

The *de minimis* doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a

variance must normally bear. The courts have applied the rule and allowed a variance in a limited number of cases where the violation of the ordinance was a relatively minor one, ...

In *D'Amato v. Zoning Board of Adjustment of the City of Philadelphia*, 137 Pa.Commonwealth Ct. 157, 585 A.2d 580 (1991), this court held that a thirteen percent (13%) reduction in a required open space was not *de minimis*. Moreover, in *Leonard v. Zoning Hearing Board of Bethlehem*, 136 Pa.Commonwealth 182, 583 A.2d 11 (1990), *petition for allowance of appeal denied*, 529 Pa. 665, 604 A.2d 1032 (1991), this court held that a 500 square foot deviation from an 8000 foot lot requirement, amounting to a 6.25% variation was not *de minimis* as a matter of law.

In the instant case, the Voegeles are requesting a nine (9) foot variance from a forty (40) foot set-back requirement, which amounts to twenty-two percent (22%) of the required set-back. Legal precedent has established that a twenty-two percent (22%) variation is not *de minimis*. Thus, the Voegeles' contention that they should be entitled to a variance based on the *de minimis* doctrine must be rejected.

Accordingly, the Order of the trial court is affirmed.

## ORDER

AND NOW April 11, 1994, the Order of the Court of Common Pleas of Allegheny County reversing the Order of the Zoning Hearing Board of the Borough of Fox Chapel is affirmed.