672 A.2d 286

**Rolf LARSEN, Appellee,**

v.

**The ZONING BOARD OF ADJUSTMENT OF the CITY OF PITTSBURGH, Allegheny County, Pennsylvania,**

v.

**Michael and Theresa NUZZO, Appellants.**

Supreme Court of Pennsylvania.

Submitted Aug. 15, 1995.

Decided Feb. 21, 1996.

Reargument Denied April 26, 1996.

416

418

---

Martin W. Sheerer, Pittsburgh, for Appellant Nuzzo.

Robert A. Felkay, Pittsburgh, for Appellee Larsen.

Gretchen Donaldson, Pittsburgh, George R. Spector, Jacqueline R. Morrow, Pittsburgh, for Appellee Zoning Bd.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## *OPINION*

CASTILLE, Justice.

Appellants raise two related issues in this appeal. First, appellants contend that the Commonwealth Court exceeded its scope of review in reversing the trial court's grant of appellees' variance request which would have allowed them to build a 400 square foot deck in the rear of their residence to provide a play area for their child. Second, appellants contend that the zoning board did not commit a manifest abuse of discretion or an error of law which would merit the Commonwealth Court's reversal of the trial court's affirmance of the variance grant. For the reasons discussed below, we find that the Commonwealth Court properly found that appellants' need for a larger play area for their child did not warrant a variance and that the trial court abused its discretion in affirming the Zoning Board's grant of the variance.

The underlying history giving rise to the instant dispute is that in 1988, appellants purchased a residential property located at 816 Grandview Avenue in the City of Pittsburgh. The original residence was thirty-six feet deep. Shortly thereafter, appellants built a three story addition with a basement to the rear of the existing two-and-a-half story residence. The addition was forty-four feet deep with an additional concrete pad which was six feet deep by twenty feet wide, the same width as the residence.[1] Beyond the concrete pad, like those of their neighbors all along Grandview Avenue, appellants' property dropped off steeply to the Ohio River, making much of the rear portion of their property unusable.

At all times pertinent to this action, the zoning restrictions in the area required that there be a thirty foot setback from the rear property line. This first addition to the property had

1. The building plan for the addition included an eight-by-twenty foot lumber and concrete deck at the rear of the house. Although the deck would have been twenty-four feet from the rear property line, no variance was sought or granted. However, for reasons not clear from the record, that deck was not constructed. The concrete pad which was actually installed at the rear of the addition ended twenty-six feet from the rear property line, but again no variance was sought and no challenge was raised to its construction.

a thirty-two foot setback to the rear of the building and, therefore, complied with the setback requirement.[2]

In 1989, appellants sought a building permit for the construction of a second addition. Specifically, appellants wanted to add to their property a twenty-by-twenty foot deck off the rear of the house in order to provide their two-year-old child with an outside play area. Because the deck would have resulted in a setback of only twelve feet and could not be built at grade due to the steep slope of the lot, a variance was required to build such a structure.

Following a hearing before the zoning board, the board granted the variance request finding that appellants had established: (1) that a denial of the variance would have resulted in an unnecessary hardship depriving appellants of the reasonable use of their property, and (2) that the proposed use would not be contrary to public interest. Appellee, who resides in a multi-unit condominium located directly next door to appellants' residence appealed the grant of the variance to the Court of Common Pleas of Allegheny County.[3] The Court remanded the matter to the zoning board for further testimony in order to clarify the board's findings of fact and to address the issues of the effect of the variance on appellee's property and the existence and nature of the claimed hardship. After additional testimony was taken, the Zoning Board reaffirmed its ruling and the Court of Common Pleas affirmed the Zoning Board's grant of the variance. On appeal to the Commonwealth Court, appellee argued that appellants had failed to satisfy the criteria needed to support the grant of a variance. The Commonwealth Court agreed and reversed the

2. The Zoning Board noted that the property was nonconforming for a residential dwelling, as the zoning ordinance requires a minimum lot size of 5,000 square feet, while appellants' lot was only 4,375 square feet, and that the structure was also nonconforming on both side yards.

3. Appellee appealed the variance grant on the grounds that the variance would allow the building of a structure that would obstruct the view from his condominium and substantially alter the character of the neighborhood by allowing construction further out over the slope leading down to the river than any other structure. Appellee alleged that in granting the variance, the zoning board had made numerous errors of fact and law.

trial court's affirmance of the Zoning Board's grant of the variance. Appellants now appeal to this Court from the Commonwealth Court's order.

 It is well established that where neither the Court of Common Pleas nor the Commonwealth Court conducts a hearing or receives additional evidence that was not before the zoning board, the applicable standard of appellate review of the zoning board's determination is whether the zoning board committed a manifest abuse of discretion or an error of law in granting the variance. *Sweeney v. Zoning Hearing Board of Lower Merion Twp.*, 534 Pa. 197, 202, 626 A.2d 1147 (1993); *Valley View Civic Assoc. v. Zoning Board of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (1983). An abuse of discretion will only be found where the zoning board's findings are not supported by substantial evidence. *Id.*

 There are essentially four factors that appellants must prove to be entitled to a variance under the applicable statute and ordinance. The factors are:

(1) that an unnecessary hardship exists which is not created by the party seeking the variance and which is caused by unique physical circumstances of the property for which the variance is sought;

(2) that a variance is needed to enable the party's reasonable use of the property;

(3) that the variance will not alter the essential character of the district or neighborhood, or substantially or permanently impair the use or development of the adjacent property such that it is detrimental to the public's welfare; and

(4) that the variance will afford the least intrusive solution.

53 P.S. § 10910.2;[4] § 909.05 of the Pittsburgh Code of Ordi-

4. 53 P.S. § 10910.2(a) specifically provides in pertinent part that the party seeking the variance must demonstrate:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally

nance ("PCO").[5] *Accord Valley View, supra* at 554–56, 462 A.2d at 640. The failure of a zoning board to consider each

created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of the variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a).

5. Section 909.05 provides:

(a) [T]he board shall have the power to vary or adjust the strict application of the requirements of this Zoning Ordinance for only a use permitted in the district where the lot is located, in the case of an exceptionally irregular, narrow, shallow or steep lot or other exceptional physical condition not provided for in the district regulations or as a special exception, where strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of reasonable use of the land or structures involved, but in no other case. No variance in the strict application of any provisions of this Zoning Ordinance shall be granted by the Board unless it finds:

(1) That there are special circumstances or conditions, fully described in the findings of the Board, applying to the land or structure for which the variance is sought, which circumstances:

A. Are peculiar to such land or structure and do not apply generally to land or structures in the neighborhood, and have not resulted from any act of the appellant or his predecessors in title subsequent to the adoption of this Zoning Ordinance, whether in violation of the provisions hereof or not; and

B. Are such that the strict application of the provisions of this Zoning Ordinance would deprive the appellant of the reasonable use of such land or structure;

(2) That the variance to be granted by the Board is:

A. For a use permitted in the district;

B. One that will require the least modification of the prescribed regulation; and

C. The minimum variance that will accomplish this purpose; and

(3) That the granting of the variance shall:

A. Be in harmony with the general purposes and intent of Section 901.06;

requirement of a zoning ordinance prior to granting a variance is an error of law. *Sweeney, supra,* 534 Pa. at 208, 626 A.2d at 1153. Here, the zoning board failed to consider each of these requirements. Furthermore, the record reveals that appellants failed to provide evidence that would satisfy even the first criteria. Accordingly, appellants' claim must fail.

## 1. *Hardship Caused by Unique Physical Characteristics*

### (a) *Unnecessary Hardship*

 In order to satisfy the first prong under both the statute and PCO, appellants must prove: (1) that the variance is needed to avoid an "unnecessary hardship;" (2) that the "unnecessary hardship" was not created by them; and (3) that the "unnecessary hardship" was caused by unique physical circumstances of the property for which the variance is sought. With respect to the first factor, in determining whether the denial of the variance would cause the level of hardship needed to warrant a variance, this Court held in *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 259–260, 137 A.2d 280, 283 (1958), that the hardship must truly be an "unnecessary" one, and not simply a " 'mere' hardship." Furthermore, the "unnecessary" hardship must be one that is "unique or peculiar" to the property. *Id.*

Here, the Board found that appellants would suffer an "unnecessary hardship" from a denial of the variance because they would be denied the reasonable use of their land if they could not provide a play area for their child.[6] (Decision of the Zoning Board of Adjustment, 8/24/90 at 2; Decision of the Zoning Board of Adjustment, 7/23/93 at 2). However, the mere desire to provide more room for a family member's

B. Be in accordance with the general or specific rules herein contained; and
C. Be not injurious to the neighborhoods, or otherwise detrimental to the welfare of the people at large.
Pittsburgh Code of Ordinances ("PCO"), Section 909.05.

**6.** Apparently, appellants deemed the existing 6' × 20' back patio insufficient for their child.

enjoyment fails to constitute the type of "unnecessary hardship" required by the law of this Commonwealth.

In the matter of *In Re Kline Zoning Case*, 395 Pa. 122, 124, 148 A.2d 915, 916 (1959), a property owner sought a variance from a thirty-foot setback requirement in order to enclose his front porch. The basis for his variance request was that his wife suffered from asthma and hay fever, and that his son suffered from a severe respiratory ailment as well as hay fever. The enclosure of the porch would have allowed his family to have additional room in which to habitate.[7] This Court, applying the test set forth by *Richman, supra,* upheld the zoning board's denial of the variance finding that the owner's need for additional room for his family failed to establish an unnecessary hardship justifying the variance.

The circumstances of *In re Kline Zoning Case* are analogous to the circumstances at hand. In both cases, the property owners sought variances to modify their homes to add a greater area for their family members to play in or to use. Thus, under *In re Kline Zoning Case*, we find that the Zoning Board erred as a matter of law in granting the variance based simply upon appellant's need to provide a greater play area for their child. Variances are meant to avoid "unnecessary" hardships; the granting of relief cannot be done simply to accommodate the changing needs of a growing family.[8]

7. The Court noted that no competent medical evidence had been admitted to demonstrate that the enclosed room would have contributed to the improvement of the physical condition of appellant's wife or son.

8. *Hirsch v. Zoning Hearing Board of Fox Chapel,* 163 Pa.Commw. 296, 641 A.2d 32 (1994) (inability to erect satellite dish without variance from the rear yard setback requirement is not unnecessary hardship); *Greene Townes Financial Corp. v. Zoning Hearing Board of Lower Merion Twp.,* 157 Pa.Commw. 454, 459, 630 A.2d 492, 494–95 (1993) (no unnecessary hardship where adherence to setbacks would require house to be narrow in one small section, because "yard restrictions do not create an unnecessary hardship unless the construction of a residence is rendered impossible"); *Polonsky v. Zoning Hearing Board of Mount Lebanon,* 139 Pa.Commw. 579, 585, 590 A.2d 1388, 1391 (1991) (setbacks that would require construction of fence in location that would make access to garden inconvenient is not unnecessary hardship); *Borough of Ingram v. Zoning Hearing Board of the Borough of Ingram,* 118 Pa.Commw. 574, 545 A.2d 989 (1988) (no unnecessary

## (b) *Creation of Hardship*

■ Notwithstanding appellants' failure to establish an unnecessary hardship, appellants further failed to establish that the physical circumstances allegedly causing the unnecessary hardship were not created by them. *Valley View, supra;* 53 P.S. § 10910.2(a)(1), (3); PCO § 909.05(a)(1)(A). Section 909.05(a)(1)(A) of the Pittsburgh Code of Ordinances expressly provides that parties are *not* entitled to a variance for circumstances which are the result of "any act of the appellant or his predecessors in title subsequent to the adoption of this Zoning Ordinance, whether in violation of the provisions hereof or not." *See also,* 53 P.S. § 10910.2(a)(3). To the extent that the hardship found by the zoning board was the result of the fact that appellants' first addition to their residence covered 75% of the property, thereby precluding any additional building absent a variance, appellants themselves created the complained of hardship. When appellants purchased the property, the house had a seventy-six foot setback from the rear property line. (Larsen Exhibit 1). It was appellants themselves who built the forty-four foot deep addition which left them with insufficient space to erect an outside deck that would have complied with the ordinance at issue without the need for a variance. (Zoning Hearing N.T. 2/6/92 at 15–16). Therefore, appellants failed to prove that the "unnecessary hardship" was not caused by their own making.

hardship justifying setback variance in order to position garage so as to allow for maximum usable yard space between house and garage); *McClintock v. Zoning Hearing Board of Fairview Borough,* 118 Pa. Commw. 448, 545 A.2d 470 (1988) (insufficient space to erect two-car garage is not an unnecessary hardship, especially where a one-car garage could be constructed without a variance). *Cf. Damico v. Zoning Board of Adjustment of the City of Pittsburgh,* 164 Pa.Commw. 394, 643 A.2d 156 (1994) (unnecessary hardship where adherence to setbacks would require house only ten feet wide); *Detwiler v. Zoning Hearing Board of Lower Salford Twp.,* 141 Pa.Commw. 597, 596 A.2d 1156 (1991) (unnecessary hardship were compliance with setback requirements would negate any practical residential development); *Borough of Emmaus v. Schuler,* 48 Pa.Commw. 100, 409 A.2d 444 (1979) (unnecessary hardship where house built within setbacks would only be sixteen feet wide); *Stefonick v. Zoning Hearing Board of Lansdale,* 47 Pa. Commw. 580, 409 A.2d 463 (1979) (unnecessary hardship where house built within setbacks would only be 10.75 feet wide).

### (c) *Unique Physical Circumstances*

Appellants also failed to demonstrate that the "unique physical circumstances" of their property caused the hardship. In order to prove that the physical circumstances of a property justify a variance, the party seeking the variance must demonstrate that the circumstances are unique or peculiar to the property in question, and not a condition common to the neighborhood or zoning district. *Valley View, supra;* 53 P.S. § 10910.2(a)(1); PCO § 909.05(a)(1)(A). Here, the record establishes that the physical circumstances were in fact not unique to appellants' property and that most of the properties along Grandview Avenue had similar precipitously steep backyards. This Court has held that a condition which affects only a small portion of a district is not sufficiently unique to warrant a variance, but rather should be remedied by rezoning. *English v. Zoning Board of Adjustment of Norristown,* 395 Pa. 118, 120–21, 148 A.2d 912, 914 (1959) (where zoning board grants a variance where neighborhood changes affect a small group of properties on one street, it is "virtually enacting zoning legislation instead of merely performing its function of administering the zoning law prescribed by the governing body of the municipality"). *See also, Walter v. Zoning Board of Adjustment,* 437 Pa. 277, 280, 263 A.2d 123, 126 (1970) (party seeking variance cannot complain of hardship existing at time the land was purchased). Thus, the condition which gave rise to appellants' alleged "unnecessary hardship" was not unique or peculiar to their property.

### 2. *Variance needed to enable reasonable use of property*

Even if appellants had established the existence of an unnecessary hardship, they would be entitled to a variance only if they could establish that the variance was necessary for the reasonable use of the land. 53 P.S. § 10910.2(a)(2). At the outset, the Zoning Board's failure to address this issue is an error of law. *Sweeney, supra.* Furthermore, in order to meet this requirement, appellants would have to show that a denial of the requested variance would make the property practically useless. *Abe Oil Co. v. Zoning Hearing Board of*

*Richmond Twp.*, 168 Pa.Commw. 120, 125, 649 A.2d 182, 185 (1994) (variance for construction of gas station not justified where property was amenable to "any number" of uses); *Polonsky, supra*, 139 Pa.Commw. at 579, 585, 590 A.2d at 1391 (property is not devoid of reasonable use merely because adherence to setbacks would make portions of yard less accessible); *Ignelzi v. Zoning Board of Adjustment of the City of Pittsburgh*, 61 Pa.Commw. 101, 104, 433 A.2d 158, 160 (1981) (no variance for existing seven unit dwelling where two unit dwelling could have been constructed in conformity with zoning). Because appellants' property can be used as a residential dwelling absent the 400–square foot deck, they have failed to meet this requirement for a grant of a variance.

### 3. *Variance's Impact Upon Neighborhood*

Appellants also had to establish that the variance would "not alter the essential character of the neighborhood or district in which the property is located" or be contrary to the public interest. 53 P.S. § 19010.2(a)(4); *Valley View, supra.* Although the zoning board found that the variance would not be contrary to the public interest (Decision of the Zoning Board of Adjustment, 8/24/90 at 2; Decision of the Zoning Board of Adjustment, 7/23/93 at 2), the only factual finding on which that conclusion was based was that the objections to the variance were related to "precedence and aesthetics." (Decision of the Zoning Board of Adjustment, 8/24/90 at 2).

 Appellee stated in his appeal that the variance would permit the construction of a deck further out over the hillside than any other property in the neighborhood, thereby obstructing the view of the Ohio River from other properties along the street and substantially altering the character of the neighborhood. Appellee's concerns that the variance will set a precedent for the granting of future variances which will result in an obstruction of the view of the Ohio River afforded from the properties along Grandview Avenue is a concern that the "essential character" of the neighborhood will be altered

as a result of the variance.[9] The zoning board's failure to consider appellee's concerns or otherwise address the effect of the variance on the neighborhood was a failure to address a requirement of the statute. As already discussed, such a failure is an error of law. *Sweeney, supra.*

### 4. *Variance must be the least intrusive solution.*

Finally, once the zoning board ·determines that a variance is justified, the variance granted must be the minimum variance necessary to afford relief, resulting in the least modification of the regulation at issue. 53 P.S. § 10910.2(a)(5); PCO § 909.05(a)(2)(B).[10] No testimony was heard by the zoning board as to the possibility of less drastic alternatives, nor was any reason given why the eight-by-twenty foot deck included in the original building permit was insufficient. The zoning board's failure to make any finding regarding the necessity for such an extreme variance was an error of law. *Sweeney, supra.*

Because the zoning board committed both a manifest abuse of discretion in determining that appellants had established an unnecessary hardship and numerous errors of law in failing to address the majority of the requirements under both the state and local zoning laws, the Commonwealth Court did not exceed its standard of review in reversing the order. Appellants have failed to meet their burden under *Valley View* or either pertinent zoning law to obtain a grant of a variance.

For the forgoing reasons, the order of the Commonwealth Court is affirmed.

NEWMAN, J., did not participate in the consideration or decision of this case.

9. No other properties along Grandview Avenue extend beyond the thirty-foot setback. (Zoning Hearing 2/6/92 at 35).

10. The final requirement under the City's Zoning Ordinance, that the variance be for a use permitted in the district, PCO § 909.05(a)(2)(A), is not relevant as appellants were granted a dimensional as opposed to use variance.

FLAHERTY, J., joins the majority opinion and files a concurring opinion, joined by NIX, C.J., who also joins the majority opinion, and CAPPY, J.

ZAPPALA, J., concurs in the result.

FLAHERTY, Justice, concurring.

I join in the opinion of the majority but write separately to emphasize that a property owner cannot assert a right to preserve the view from his property. It is well established that adjoining landowners can erect structures that interfere with one's view and that no cause of action thereby arises. *Maioriello v. Arlotta,* 364 Pa. 557, 73 A.2d 374 (1950); *Cohen v. Perrino,* 355 Pa. 455, 50 A.2d 348 (1947).

NIX, C.J., and CAPPY, J., join this concurring opinion.