687 A.2d 371

Robert B. HALBERSTADT and Mary
M. Halberstadt, Appellees,

v.

The BOROUGH OF NAZARETH, the Zoning Hearing Board
of the Borough of Nazareth and Raymond W. Orwig.

**Appeal of Raymond W. ORWIG.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1996.

Decided Jan. 10, 1997.

James L. Zulick, Nazareth, for R. W. Orwig.

Blake C. Marles, Allentown, for Robert B. and Mary M. Halberstadt.

Theodore R. Lewis, Easton, for Zoning Hearing Bd.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

NIGRO, Justice.

Raymond Orwig appeals a Commonwealth Court Order that reversed the trial court's affirmance of the Nazareth Zoning

Board's decision to grant him variances to a zoning ordinance. For the reasons that follow, we reverse.

Raymond Orwig owns property located in the general commercial zoning district in the Borough of Nazareth. The property contains a massive, one-story building and parking spaces. The building was erected in 1914 before the enactment of the Borough's zoning ordinance. It is made of brick and concrete and has been described as fortress-like. When Mr. Orwig bought the property, the building had been vacant for several years and was in disrepair. Because of the building's heavy construction, razing it is cost-prohibitive. Renovation is also very expensive. Developing the property is further complicated by the fact that the building sits upon land containing hard rock and steep slopes.

Mr. Orwig sought variances to the local zoning ordinance in order to develop the property. He proposed using the building's first floor for four commercial spaces and adding a second floor for ten one-bedroom apartments. Mr. Orwig found the addition of a second floor necessary to produce enough rent to cover the high cost of development. In addition to a variance to allow the construction of the second floor, Mr. Orwig needed variances from zoning ordinance provisions governing minimum lot area, maximum building coverage, maximum units per gross acre, yard, parking and landscaping requirements, and loading space on the street.

In order to obtain a variance, an applicant must show that an ordinance imposes an unnecessary hardship due to unique conditions peculiar to his property. 53 P.S. § 10910.2.[1] After considering the testimony of Mr. Orwig, other property owners, Nazareth Borough officials and the parties' experts at several hearings, the Nazareth Zoning Board concluded that Mr. Orwig satisfied this requirement. It stated:

1. An applicant must also show that there is no possibility that the property could be developed in accordance with the ordinance, the unnecessary hardship is not self-inflicted, the variance will not destroy the character of the neighborhood, and the variance is the least possible modification of the ordinance. *Id.* These requirements are not now at issue.

After review of the testimony ... the Board finds that *the building itself together with the conditions of the lot,* such as rock and the slopes, represent unique physical circumstances justifying the grant of a variance in order to enable a reasonable use of the property. The Board believes that any proposed use of the property, including those listed in the commercial district, would require variances.

Finding of Fact and Conclusion of Law No. 49 (emphasis added). The Board thus granted Mr. Orwig's variance requests including a variance to add a second floor to the building. Robert and Mary Halberstadt, who own property adjacent to Mr. Orwig, appealed. The trial court affirmed deciding that the Board's findings were supported by substantial evidence and that Mr. Orwig suffered an unnecessary hardship due to the unique conditions of his property.[2]

The Commonwealth Court reversed the trial court's decision for two primary reasons. The court found that Mr. Orwig's hardship did not result from unique property conditions because his neighbor's property also contained rock and steep slopes. The court further found that Mr. Orwig had alternative uses for the property that did not require the requested variances.[3] We granted Mr. Orwig's petition for allowance of appeal.

 When the trial court does not take additional evidence, our scope of review in zoning cases is limited to determining whether the board committed an error of law or abused its discretion. *Larsen v. Zoning Bd. of Adjustment,* 543 Pa. 415, 421, 672 A.2d 286, 288–89 (1996). The board abuses its discretion only where its findings are not supported by substantial evidence. *Id.*

2. This was the second time that the trial court reviewed the Board's decision. The court previously found the record insufficient to support the Board's findings and remanded for further proceedings. After the additional hearings, the Board issued extensive findings of fact and the trial court found that the record supported the Board's conclusions.

3. Because the Commonwealth Court concluded that the trial court erred for these reasons, it did not address other issues that the Halberstadts raised on appeal. *See* 654 A.2d 249, 251 n. 1.

In deciding that Mr. Orwig's hardship did not result from unique property conditions, the Commonwealth Court relied upon *English v. Zoning Bd. of Adjustment*, 395 Pa. 118, 148 A.2d 912 (1959). *English* involved a residential neighborhood that became less desirable due to a nearby influx of commercial activity. 395 Pa. at 120–21, 148 A.2d at 914. This Court held that a variance to change the use of a particular property in the neighborhood was not the appropriate remedy to address such a change. *Id.* A neighborhood affected by a general hardship should be rezoned. *Id.* The present case, however, does not involve the changed character of a neighborhood or a similar general hardship. Rather, the land adjacent to Mr. Orwig's property has rock and slopes similar to those on his property. The record does not establish that the rock and slopes are a common hardship throughout the district necessitating rezoning.

■ The fact that Mr. Orwig's neighbors also have rock and slopes on their property does not preclude finding that Mr. Orwig suffers from a hardship due to the unique conditions of his property. As explained by the Board:

> [S]uch a conclusion would mean that if one of four separate owners on a very steeply sloped hill requested a variance, they would not be entitled to relief because their neighbors suffer from the same problem in spite of the fact that in general the topography of the municipality is not steeply sloped.

Finding of Fact and Conclusion of Law 51. We believe that the Commonwealth Court's requirement that land be one-of-a-kind would prevent the grant of variances in many situations that warrant them. More often than not, a landowner shares some of the physical characteristics of his land with his immediate neighbors. The Board properly defined the test for uniqueness as follows:

> The question of uniqueness is obviously one as to whether or not the ordinance when applied to the particular lot with those particular conditions result in the regulations affecting

the lot in a manner that is not common to the typical lot owner, so that it produces an undue hardship.

Finding of Fact and Conclusion of Law 51; *Cf. Larsen v. Zoning Bd. of Adjustment,* 543 Pa. 415, 672 A.2d 286 (1996)(hardship not unique where setback requirement affected lot owner in the same way as typical lot owners subject to requirement). Here, the zoning ordinance affects Mr. Orwig in a way not common to the typical lot owner in the commercial district because of the combination of the land's physical condition and the fortress-like building sitting upon it.

 The Commonwealth Court also based its decision upon testimony that the property could be used as-is for a parking garage or an apartment building. The court, however, considered the testimony about alternative uses for the property out of context. The full testimony established that while there may be other uses for the property, the cost of converting the property for those uses is not feasible. *See* Findings of Fact and Conclusions of Law Nos. 56–59. As the trial court acknowledged, the Board accepted Mr. Orwig's testimony that it was not economically feasible to use the property for a parking garage or a one-story apartment building. Property owners are not required to reconstruct a building to a conforming use regardless of the financial burden. *Logan Square Neighborhood Ass'n v. Zoning Bd. of Adjustment,* 32 Pa.Commw. 277, 280, 379 A.2d 632, 634 (1977); *O'Neill v. Philadelphia Zoning Bd. of Adjustment,* 384 Pa. 379, 386, 120 A.2d 901, 904 (1956). The Commonwealth Court improperly substituted its judgment for that of the trier of fact.

Because the lower court misapplied the law on unique property conditions warranting a variance and considered only partial testimony in reaching its decision, we reverse and remand this case to the Commonwealth Court to address the other issues that the Halberstadts raised on appeal. Jurisdiction relinquished.

NEWMAN, J., did not participate in the consideration or decision of this matter.

NIX, Former C.J., did not participate in the decision of this matter.

ZAPPALA, J., concurs in the result.