Lawrenceville Stakeholders, Inc.,   :
Carol Peterson, Mary Coleman and   :
Jill Joyce,   :
                  Appellants   :
   :
            v.   :
   :
Zoning Board of Adjustment of the   :
City of Pittsburgh, City of Pittsburgh   :   No. 1518 C.D. 2015
and Chan Real Estate, L.P.   :   Argued: April 12, 2016

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: April 27, 2016

        Lawrenceville Stakeholders, Inc., Carol Peterson, Mary Coleman and Jill Joyce (Objectors) appeal from the Allegheny County Common Pleas Court's (trial court) July 15, 2015 order affirming the City of Pittsburgh's (City) Zoning Board of Adjustment's (ZBA) decision and dismissing Objectors' appeal. There are three issues before the Court: (1) whether the ZBA erred by finding that Chan Real Estate, L.P. (Applicant) met its burden of proving that an unnecessary hardship existed; (2) whether the ZBA erred by finding that the requested variances were the minimum variances that would afford relief; and (3) whether the ZBA erred by finding that there were four dwellings on the property.

        The subject property is located at 4412 Plummer Street and 152 45th Street in a Single-Unit Attached Residential, Very-High Density (RIA–VH) zoning district in the Central Lawrenceville neighborhood (Property). The Property is comprised of two adjacent parcels along Plummer Street and between 45th Street and

Locarna Way. Located on the northeasterly parcel, i.e., parcel one, at the corner of Plummer and 45th Streets (Parcel 80-P-69) is a two-story, single-family brick structure, i.e. dwelling one, fronting 45th Street and the majority of a two-story, single-family frame structure, i.e., a portion of dwelling two, fronting Plummer Street. Located on the southwesterly parcel, i.e., parcel two, at the corner of Plummer Street and Locarna Way (Parcel 80-P-68) is the remaining portion of a two-story, single-family frame structure, i.e. the remaining portion of dwelling two, fronting Plummer Street and a two-story, two-family frame structure, dwellings three and four, at the corner of Plummer Street and Locarna Way which fronts Locarna Way. No parking is currently provided on the Property. Applicant proposes to renovate the existing two-story single-family brick dwelling located on the corner of 45th and Plummer Streets. Applicant also plans to demolish the two frame structures and construct two new three-story, single-family dwellings with integral garages. Subsequent to the proposed renovation and construction, Applicant intends to resubdivide the parcels to create three new, separate parcels, one for each proposed structure.

On October 7, 2014, Applicant applied to the City's Zoning Administrator (Administrator) for dimensional variances pursuant to Section 903.03.E.2 of the Pittsburgh Zoning Code (Code) and the Administrator denied the application. Applicant appealed from the Administrator's denial to the ZBA. On November 20, 2014, the ZBA held a public hearing. On January 22, 2015, the ZBA granted the variance.[1] Objectors appealed the ZBA's decision to the trial court. On

---

[1] At the end of the Public Hearing, the ZBA Chairperson gave the parties three weeks to work out their differences, but no agreement could be reached.

July 15, 2015, the trial court affirmed the ZBA's decision and dismissed Objectors' appeal. Objectors appealed to this Court.[2]

Objectors first argue that the ZBA erred by finding that Applicant met its burden of proving that an unnecessary hardship existed. Specifically, Objectors contend that Applicant failed to show any economic detriment caused by the denial of the requested variance; any financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements; and that the requested variances would not have negative effects on the characteristics of the surrounding neighborhood.

Initially,

As to the requirements necessary to obtain a variance, the Code states . . . :

**922.09.E General Conditions for Approval**

**No variance in the strict application of any provisions of this Zoning Code shall be granted by the [ZBA] unless it finds that all of the following conditions exist**:

1. That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to the conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

---

[2] "Where a trial court takes no additional evidence in an appeal from a decision of the [zoning board of adjustment], this Court is limited to considering whether the [zoning board of adjustment] erred as a matter of law or abused its discretion." *German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). "A [zoning board of adjustment] abuses its discretion if its findings are not supported by substantial evidence." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth. 2007).

3

2. That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

3. That such unnecessary hardship has not been created by the appellant;

4. That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

5. That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue . . . .

The applicant shall have the burden of demonstrating that the proposal satisfies the applicable review criteria.

Section 922.09.E of the Code.

*Lamar Advantage GP Co. v. Zoning Hearing Bd. of Adjustment of City of Pittsburgh*, 997 A.2d 423, 443 (Pa. Cmwlth. 2010) (bold emphasis added; italics omitted). Further, this Court has explained:

In general, an applicant can establish unnecessary hardship required for a variance by demonstrating either that physical characteristics of the property are such that the property cannot be used for the permitted purpose or can only be conformed to such purpose at a prohibitive expense, or that the property has either no value or only a distress value for any permitted purpose. In *Hertzberg v. Zoning Board of Adjustment of Pittsburgh, . . .* 721 A.2d 43, 47 ([Pa.] 1998), the Court adopted a more relaxed standard for a

4

dimensional variance in which 'the owner is asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations.' In considering a dimensional variance request, multiple factors may be considered, 'including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood.' *Id.* . . . at 50.

*Bernotas v. Zoning Hearing Bd. of City of Bethlehem*, 68 A.3d 1042, 1049 (Pa. Cmwlth. 2013) (citations omitted). Our Supreme Court has held:

> **The failure of a zoning board to consider each requirement of a zoning ordinance prior to granting a variance is an error of law**. Here, the [ZBA] failed to consider each of these requirements. Furthermore, the record reveals that [Applicant] failed to provide evidence that would satisfy even the first criteria.

*Larsen v. Zoning Bd. of Adjustment*, 672 A.2d 286, 289-90 (Pa. 1996) (citation omitted; emphasis added).

Applicant presented only one witness, architect David Brenenborg (Brenenborg), who testified:

> Okay. Right now this is two parcels of property. One parcel is on 45th Street, and has a brick dwelling on that. There's another dwelling on that property, which is a frame dwelling, and then two dwellings on the rear piece of property. They are both frame. None of them provide any parking. **The condition of this was such that it was not renovatable at all**. [Applicant] would like to continue use of this corner property, renovate that, and then take the three units in the back and construct two units in that area. We need to relocate the property line so that we can split the property behind this building into two pieces. That allows that to work.

Reproduced Record (R.R.) at 39a-40a (emphasis added). He further related: "We would be constructing new two-bedroom, single-family homes which will have an

5

integral garage in each of the two new properties." *Id.* at 41a. Brenenborg continued: "We would not be using the same footprint. We would be tearing down those buildings. They are in pretty bad shape." *Id.* Brenenborg explained that although they would still have no setbacks, two buildings would replace the three existing buildings and they would provide parking which the others did not. In order to accomplish this, they would have to rebuild with different lot lines, and create two different parcels.

Although the standards for a dimensional variance are less strict than a use variance, an applicant still "ha[s] the burden of demonstrating that the proposal satisfies the applicable review criteria" established in the requirements of Section 922.09.E of the Code." *Lamar Advantage*, 997 A.2d at 443 (italics omitted) (quoting Section 922.09E of the Code). Here, there was absolutely no evidence regarding the "unique physical circumstances or conditions . . . peculiar to the particular property, and that the unnecessary hardship is due to the conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance . . . [.]" *Id.* Nor was there any evidence proving "[t]hat because of such physical circumstances or conditions, there is no possibility that the property [could] be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property[.]" *Id.* Finally, Brenenborg did not nor did anyone else testify "[t]hat the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue[.]" *Id.*

Even under the lesser standards of *Hertzberg*, Brenenborg's testimony that "[t]he condition of this was such that it was not renovatable at all[,]" (R.R. at 39a-40a) cannot satisfy Applicant's burden of establishing "the economic detriment to [Applicant] if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements

6

and the characteristics of the surrounding neighborhood." *Bernotas*, 68 A.3d at 1049 (quoting *Hertzberg*, 721 A.2d at 50). Accordingly, we are constrained to agree with Objectors that the ZBA erred by finding that Applicant met its burden of proving that an unnecessary hardship existed.[3]

> Moreover, the ZBA expressly concluded:
>
> 2. Because the proposed construction results in a net reduction of units resulting in a decreased nonconformity, the footprint of the proposed structures would be substantially similar to the current footprint, and the and the [sic] proposed increase in stories and height allows for increased off-street parking spaces, **allowing [] Applicant to construct the proposed dwellings is a reasonable use of the [] Property with minimal deviation from the Code Standards**.
>
> 3. Consistent with the evidence and testimony presented and the applicable legal standards governing dimensional variances, the [ZBA] concludes that **approval of the requested variances is appropriate**.

Applicant Br. Ex. A (emphasis added). However, the ZBA did not "**find**[] that all of the [applicable] conditions exist[,]" as required by the Ordinance. *Lamar Advantage*, 997 A.2d at 443 (emphasis added). In fact, **the ZBA made no findings whatsoever concerning the Ordinance's requirements**. "A zoning board has a duty to make essential findings of fact sufficient to support its conclusions." *Domeison v. Zoning Hearing Bd., O'Hara Twp.*, 814 A.2d 851, 860 (Pa. Cmwlth. 2003). Thus, the ZBA's conclusions of law are meaningless because there are no findings to base them on.

> For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[3] In light of this determination, we need not address Objectors' remaining issues.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrenceville Stakeholders, Inc.,  :
Carol Peterson, Mary Coleman and :
Jill Joyce,         :
      Appellants  :
           :
   v.       :
           :
Zoning Board of Adjustment of the :
City of Pittsburgh, City of Pittsburgh : No. 1518 C.D. 2015
and Chan Real Estate, L.P.   :

## O R D E R

   AND NOW, this 27th day of April, 2016, the Allegheny County Common Pleas Court's July 15, 2015 order is reversed.


         _____
         ANNE E. COVEY, Judge