IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of Chestnut Hill Community Association | : | |
| | : | |
| | : | |
| Appeal of: Chestnut Hill Community Association, Lawrence D. McEwen, Eileen M. Reynolds, Tom Hemphill and Susan Hemphill | : | |
| | : | |
| | : | No. 1175 C.D. 2016 |
| | : | Argued: February 7, 2017 |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge


OPINION BY
JUDGE COVEY                        FILED: March 3, 2017


        Chestnut Hill Community Association (Association), Lawrence D. McEwen, Eileen M. Reynolds (Reynolds), Tom Hemphill and Susan Hemphill (Hemphill) (collectively, Appellants) appeal from the Philadelphia County Common Pleas Court's (trial court) June 8, 2016 order denying their appeal from the City of Philadelphia (City) Zoning Board of Adjustment's (ZBA) decision granting a variance to Jonathan Bernadino (Applicant) and Lindsay Bernadino (collectively, Owners) for an open-air parking space at their property located at 210 Evergreen Avenue, Philadelphia (Property). The issue presented for this Court's review, essentially, is whether the ZBA and the trial court erred by finding that denial of the variance would result in an unnecessary hardship.[1]

---

[1] Appellants' specific issues are whether the ZBA and the trial court: (1) misinterpreted the Philadelphia Zoning Code (Zoning Code) concerning parking in rear, side and front yards in a Residential Single-Family Attached-3 Zoning District; (2) erred by finding an unnecessary hardship; (3) failed to fully consider the Zoning Code's spirit and purpose, the neighborhood's essential character and the public interest; and (4) failed to fully consider the public safety. Appellants also argue that (5) the trial court erred by failing to take additional evidence related to Owners' intentions to park in their rear yard. However, because all of these issues relate

The Property consists of a 126' by 25' lot improved with a semi-detached, single-family home, located in a Residential Single-Family Attached-3 Zoning District (RSA-3 Zoning District). The house is set back 19'4", and its front porch is set 13'2" back from the Property's front lot line. On December 8, 2014, Applicant applied to the Philadelphia Department of Licenses and Inspections (Department) for a zoning/use registration permit (variance) to construct a single-car, open-air parking space in the Property's front yard. *See* Reproduced Record (R.R.) at 15a. Applicant specifically proposed to create a 12' by 19'4" driveway that would be accessed by a 12' curb cut at the front of the Property. On April 6, 2015, the Department refused the request because the proposed space would not meet the required setback requirements and, with the exception of certain circumstances not applicable here, Section 14-803(1)(b)(.1)(.a)(.ii) of the Philadelphia Zoning Code (Zoning Code)[2] expressly prohibited accessory surface parking spaces in front, side and rear yards. Zoning Code § 14-803(1)(b)(.1)(.a)(.ii); R.R. at 314a.

On May 5, 2015, Applicant appealed to the ZBA, which held a hearing on July 14, 2015, at which the City's Planning Commission, Appellants and others opposed the variance. On August 4, 2015, the ZBA granted Applicant's variance request. Appellants appealed to the trial court, which, without taking additional evidence, heard oral argument on April 20, 2016. On June 8, 2016, the trial court affirmed the ZBA's decision. On July 6, 2016, Appellants appealed to this Court.[3]

specifically to whether the ZBA and the trial court erred by finding an unnecessary hardship, they are subsumed thereunder.

[2] Section 14-102 of the Zoning Code specifies that "Title 14 of The Philadelphia Code shall be known as the Zoning Code." Zoning Code § 14-102.

[3] "Where a trial court takes no additional evidence in an appeal from a decision of the [ZBA], this Court is limited to considering whether the [ZBA] erred as a matter of law or abused its discretion." *German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). "A [ZBA] abuses its discretion if its findings are not supported by substantial evidence." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth. 2007).

The trial court issued its opinion on September 7, 2016.

Initially, Section 14-803(1)(b)(.1)(.a) of the Zoning Code states, in relevant part:

> Except as specified in [Section] 14-803(1)(b)(.1)(.b) [of the Zoning Code] (Exceptions) below, accessory parking in Residential . . . Districts must comply with the requirements in this [Section] 14-803(1)(b)(.1)(.a) [of the Zoning Code]
>
> . . . .
>
> (.ii) **Surface parking spaces** and detached garages and carports **are prohibited in required front, side, and rear yards**.
>
> (.iii) Driveways that provide vehicular access to accessory parking spaces may be located in required front, side, or rear yards.

Zoning Code § 14-803(1)(b)(.1)(.a); R.R. at 314a (emphasis added). Because a parking space like the one Applicant proposed is expressly prohibited everywhere on the Property, a variance is necessary.

Section 14-103(4)(a) of Zoning Code provides that the ZBA "may, after public notice and public hearing . . . [a]uthorize variances from the terms of this Zoning Code[.]" Zoning Code § 14-103(4)(a).

> An applicant seeking a variance must prove that unnecessary hardship will result if the variance is denied and that the proposed use is not contrary to the public interest. *Valley View Civic [Ass'n] v. Zoning [Bd.] of Adjustment, . . .* 462 A.2d 637 ([Pa.] 1983). **When an applicant seeks a variance for a property located in Philadelphia, the [ZBA] must also consider the factors set forth in the [Zoning Code].** *Wilson v. Plumstead [Twp.] Zoning Hearing [Bd.], . . .* 936 A.2d 1061 ([Pa.] 2007).

*Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 148 (Pa. Cmwlth. 2011).

3

Section 14-303(8)(e) of the Zoning Code sets forth the ZBA's variance approval criteria:

> **The [ZBA] shall grant a variance only if it determines that the applicant has demonstrated that the criteria of [Section] 14-303(8)(e) [of the Zoning Code] (Criteria for Approval) have been met** and that any applicable criteria in [Section] 14-303(8)(f) [of the Zoning Code] (Additional Criteria for Floodplain Variances) through [Section] 14-303(8)(h) [of the Zoning Code] (Additional Criteria for Height Variances Near the Airport) have been met. Otherwise, the [ZBA] shall deny the variance.
>
> (.1)  **General Criteria.**
>
> The [ZBA] may grant a lesser variance than requested, and may attach such reasonable conditions and safeguards as it may deem necessary to implement this Zoning Code, including without limitation a limitation on the size or duration of the variance, consistent with [Section] 14-303(9) [of the Zoning Code] (Conditions on Approvals). The [ZBA] shall, in writing, set forth each required finding for each variance that is granted, set forth each finding that is not satisfied for each variance that is denied, and to the extent that a specific finding is not relevant to the decision, shall so state.   Each finding shall be supported by substantial evidence.  If the [ZBA] chooses to view the subject property as part of the hearing, the [ZBA] must provide due process.  Reports of other City agencies made as a result of inquiry by the [ZBA] shall not be considered hearsay.  Upon request of any party, the [ZBA] may compel the attendance of the City agency.  The [ZBA] shall grant a variance only if it finds each of the following criteria are satisfied:
>
> (.a) The denial of the variance would result in an unnecessary hardship.  The applicant shall demonstrate that the unnecessary hardship was not created by the applicant and that the criteria set forth in [Section]  14-303(8)(e)(.2) [of the Zoning Code] (Use Variances) below, in the case of use variances, or the criteria set forth in [Section] 14-303(8)(e)(.3)  [of  the  Zoning  Code]  (Dimensional

4

Variances) below, in the case of dimensional variances, have been satisfied;

(.b) The variance, whether use or dimensional, if authorized will represent the minimum variance that will afford relief and will represent the least modification possible of the use or dimensional regulation in issue;

(.c) The grant of the variance will be in harmony with the purpose and spirit of this Zoning Code;

(.d) The grant of the variance will not substantially increase congestion in the public streets, increase the danger of fire, or otherwise endanger the public health, safety, or general welfare;

(.e) The variance will not substantially or permanently injure the appropriate use of adjacent conforming property or impair an adequate supply of light and air to adjacent conforming property;

(.f) The grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;

(.g) The grant of the variance will not adversely and substantially affect the implementation of any adopted plan for the area where the property is located; and

(.h) The grant of the variance will not create any significant environmental damage, pollution, erosion, or siltation, and will not significantly increase the danger of flooding either during or after construction, and the applicant will take measures to minimize environmental damage during any construction.

Zoning Code § 14-303(8)(e) (text emphasis added); R.R. at 301a-302a.[4]

---

[4] The variance criteria list quoted in the ZBA's decision differs from that which actually appears in Section 14-303(8)(e) of the Zoning Code. *See* R.R. at 301a-302a, 346a. Herein, we specifically quote Section 14-303(8)(e) of the Zoning Code.

Section 6107 of the Judicial Code provides, in relevant part:

> **(a) General rule.--**The ordinances of municipal corporations of this Commonwealth shall be judicially noticed.

This Court has summarized:

> In essence, an **applicant seeking a variance pursuant to the [Zoning Code] must demonstrate** that: (1) the denial of the variance will result in **unnecessary hardship unique to the property**; (2) the variance **will not adversely impact the public interest**; and (3) the variance is the **minimum variance necessary** to afford relief. *Hertzberg* [*v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 721 A.2d 43 (Pa. 1998)]. The **burden on an applicant** seeking a variance **is a heavy one**, and **the reasons for granting the variance must be substantial, serious and compelling**. *Valley View*.

*Singer*, 29 A.3d at 149 (emphasis added); *see also Marshall v. City of Phila.*, 97 A.3d 323 (Pa. 2014).

Appellants argue that the ZBA and the trial court erred by concluding that denial of the variance would result in an unnecessary hardship. They specifically averred that the ZBA misapplied Section 14-803(1)(b)(.1)(.a)(.ii) of the Zoning Code, and failed to make findings that physical circumstances unique to the Property created an unnecessary hardship. Appellants further argue that the ZBA and the trial court erred by failing to fully consider the Zoning Code's spirit and purpose, the neighborhood's essential character, the community interest and public safety.

Applicant had the burden of proving by substantial evidence, *inter alia*, that denying the variance would result in unnecessary hardship. Section 14-303(8)(e)(.1)(.a) of the Zoning Code. Section 14-303(8)(e)(.2) of the Zoning Code provides:

> **To find an unnecessary hardship in the case of a use variance, the [ZBA] must make *all* of the following findings:**

---

**(b) Manner of proving ordinances.--**The tribunal may inform itself of such ordinances in such manner as it may deem proper and the tribunal may call upon counsel to aid it in obtaining such information.

42 Pa.C.S. § 6107.

6

(.a) That there are **unique physical circumstances or conditions** (such as irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions) peculiar to the property, and that the unnecessary hardship is due to such conditions and not to circumstances or conditions generally created by the provisions of this Zoning Code in the area or zoning district where the property is located;

(.b) That because of those physical circumstances or conditions, there is **no possibility that the property can be used in strict conformity** with the provisions of this Zoning Code and that the authorization of a variance is therefore necessary to enable the viable economic use of the property;

(.c) That the use variance, if authorized, **will not alter the essential character of the neighborhood** or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, **nor be detrimental to the public welfare**; and

(.d) That **the hardship cannot be cured by the grant of a dimensional variance**.

Zoning Code § 14-303(8)(e)(.2); R.R. at 302a (emphasis added).

Our Supreme Court has declared that "[t]he **failure of a zoning board to consider each requirement of a zoning ordinance prior to granting a variance is an error of law**." *Larsen v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 672 A.2d 286, 289-90 (Pa. 1996)[5] (emphasis added). Moreover, Section 14-

---

[5] [T]he [Pennsylvania] Municipalities Planning Code (MPC)[, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202,] grants to each municipality the authority to enact and enforce zoning ordinances. *See Wilson* . . . ; [Section 601 of the MPC,] 53 P.S. § 10601. Philadelphia has enacted its own Zoning Code, which accordingly must be applied to zoning cases arising in Philadelphia. [*Wilson*, 936 A.2d] at 1065, 1067. However, the requirements for the grant of a variance under the Philadelphia Zoning Code and the MPC are coterminous in several respects. *Id.* at 1067. Throughout this opinion, as in prior decisions, we cite relevant precedent not just from

303(8)(e)(.1) of **the Zoning Code mandates that "[e]ach finding shall be supported by substantial evidence**." Zoning Code § 14-303(8)(e)(.1); R.R. at 301a (emphasis added). "Substantial evidence is such relevant evidence as a reasonable mind might consider as adequate to support a conclusion." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth. 2007).

Based upon the evidence presented before it, the ZBA made the following findings of fact (FOF):

> 9. The proposed driveway is sufficiently long to allow a car to park without extending onto the sidewalk. The proposed parking space therefore would not impede[] pedestrian traffic. 7/14/2015 N.T. at 10-12.
>
> 10. There is no way to create rear[-]access parking at the Property. Due to the narrowness of the existing side yard, it is likewise impossible to extend the proposed driveway to allow for parking in the rear yard. *See* Plot Plan; 7/14/2015 N.T. at 15-16.
>
> 11. Parking is not permitted on [Owners'] side of the street. The proposed parking space would therefore create an additional parking space without eliminating an existing on street space. 4 /15/2014 N.T. at 10-11.
>
> 12. There are a number of curb cuts on [Owners'] block. *See* Photos of Surrounding Properties; 7/14/2015 N.T. at 19, 22, 26.
>
> 13. [Applicant] submitted letters to the [ZBA] from near neighbors who support [Applicant's] request, including neighbors residing in the immediately[-]adjacent homes to either side of the Property. *See* Letters in Support.
>
> 14. Prior to appearing before the [ZBA], [Owners] met with the [Association], the Registered Community Organization ('RCO') for the area, on a number of occasions. [The

Philadelphia, but also from municipalities throughout the Commonwealth. *Id.* at 1065.

*Marshall*, 97 A.3d at 329 n.9.

8

Association] does not support [Applicant's] proposal. *See* Letter from [the Association] to [the ZBA], dated 7/01/2015.

15. The proposal is also opposed by the Planning Commission, the Chestnut Hill Historical Society ('CHHS') and District Councilwoman Cindy Bass. *See* Letter from the Honorable Cindy Bass to [the] ZBA, dated 7/13/2015; Letter from CHHS to [the] ZBA, dated 7/30/2015; 7/14/2015 N.T. at 29.

16. Area residents [Reynolds] and [] Hemphill appeared at the zoning hearing and testified in opposition to the [] proposal.

17. [Reynolds], who resides at 195 East Evergreen Avenue, acknowledged that there are existing driveways on the subject block, but said 'there has not been a driveway installed on the street for 20 years.' She expressed concern that approval of [Applicant's] proposal would set a precedent. 7/14/2015 N.T. at 22-23.

18. [] Hemphill, who resides at 218 East Evergreen Avenue, noted that there are 'a number of curb cuts on [her] street already.' Describing the existing driveways, she said '[t]hey are tight, and the cars often hang onto the sidewalk and impede[] pedestrian traffic.[']' 7/14/2015 N.T. at 27.

ZBA Dec. at 2; R.R. at 345a. As a result of those findings, the ZBA concluded:

8. The [ZBA] concludes that Applicant's proposal meets the requirements for grant of the required variance.

9. With respect to the hardship requirement, the [ZBA] notes that due to the configuration of the Property and the location of the existing structure, rear[-]access parking is not possible at the site.

10. The proposed parking, because set back from the street and sized to accommodate only one vehicle, requires the least variance necessary to afford relief.

11. The [ZBA] therefore concludes, based on the evidence of record, that denial of the requested variance would result in unnecessary hardship.

9

12. The [ZBA] additionally concludes that the remaining criteria for grant of a variance are satisfied.

13. With respect to the requirement that the proposed use not have a negative impact on the public health, safety or welfare, the [ZBA] notes that the proposed parking space is consistent with surrounding uses, is supported by the immediately adjacent neighbors, and will result in a net gain in the number of parking spaces on the block.

14. For all of the above[-]stated reasons, the [ZBA] concludes that the requested variance was properly granted.

ZBA Dec. at 4; R.R. at 347a. The trial court agreed.

## Zoning Code Section 14-103(8)(e)(.2)(.a)
## Unnecessary hardship due to unique physical circumstances or conditions

Pursuant to Section 14-103(8)(e)(.2)(.a) of the Zoning Code, in order to conclude that unnecessary hardship warrants a use variance, the ZBA was required to make a finding that the hardship is due to physical circumstances or conditions unique to the Property, and "not to circumstances or conditions generally created by the provisions of this Zoning Code in the [RSA-3 Zoning District.]" *See* Zoning Code § 14-303(8)(e)(.2)(.a); R.R. at 302a.

The ZBA here made findings related to the Property's physical circumstances. In FOF 10, the ZBA stated: "There is no way to create rear[-]access parking at the Property. Due to the narrowness of the existing side yard, it is likewise impossible to extend the proposed driveway to allow for parking in the rear yard." ZBA Dec. at 2; R.R. at 345a. Accordingly, the ZBA declared: "With respect to the hardship requirement, . . . due to the configuration of the Property and the location of the existing structure, **rear[-]access parking is not possible at the site**" and, thus, "denial of the requested variance would result in unnecessary hardship." ZBA Dec. at 4; R.R. at 347a (emphasis added). While we disagree with Appellants that the ZBA failed to make findings that the Property's physical circumstances created a

10

hardship, we agree with Appellants that the ZBA predicated its hardship findings on the mistaken assumption that Owners had the right to park on the Property and, therefore, misapplied Section 14-803(1)(b)(.1)(.a)(.ii) of the Zoning Code.

Of the enumerated exceptions to the Zoning Code's accessory parking requirements set forth in Section 14-803(1)(b)(.1)(.b) of the Zoning Code, the one most closely related to the facts of this case is contained in Section 14-803(1)(b)(.1)(.b)(.1) of the Zoning Code, which specifies that "[r]esidential parking shall be permitted in the required rear yard of an attached building where the lot is served by a rear alley or shared driveway with a minimum width of 12 [feet]."[6] Zoning Code § 14-803(1)(b)(.1)(.b)(.1); R.R. at 314a. At the ZBA hearing, Applicant described that the adjacent neighbors have a driveway leading from the street to a garage at the rear of their property, but it is not a shared driveway. Applicant further testified that there is no alley access at the back of the Property. Thus, the Section 14-803(1)(b)(.1)(.b)(.1) exception to Section 14-803(1)(b)(.1)(.a) of the Zoning Code does not apply in this case. Under circumstances in which Owners are prohibited from having a rear parking space, their physical inability to reach such a space cannot constitute a hardship.[7] Accordingly, there was no substantial evidence to support the

---

[6] The Zoning Code defines "shared driveway" as "[a] common right-of-way shared by three or more abutting landowners . . . that provides vehicular access to one or more lots . . . ." Zoning Code § 14-203(101); R.R. at 288a. The Zoning Code defines "shared driveway" as "[a] common right-of-way shared by three or more abutting landowners . . . that provides vehicular access to one or more lots . . . ." Zoning Code § 14-203(101); R.R. at 288a.

[7] There is no merit to Appellants' argument that the trial court erred by failing to conduct a hearing to take additional evidence, specifically in the form of the Association's June 16, 2015 Development Review Committee meeting minutes, that Owners did not intend to build a rear yard garage or carport. This Court has held that "[a] trial court faces compulsion to hear additional evidence in a zoning case only where the party seeking the hearing demonstrates that the record is incomplete because the party was denied the opportunity to be heard fully, or because relevant testimony was offered and excluded." *Berryman v. Wyoming Borough Zoning Hearing Bd.*, 884 A.2d 386, 388 n.2 (Pa. Cmwlth. 2005). Here, because Applicant's proposal was only to park in the front yard, and we have determined that the Zoning Code prohibits Owners from parking in their rear yard, whether Owners intended to construct a rear yard garage or carport is irrelevant.

11

ZBA's conclusion that denying the variance would result in a hardship due to physical circumstances or conditions unique to the Property.

The ZBA made no other finding that the Property was subject to unique physical circumstances or conditions that created an unnecessary hardship, and there was no record evidence to support such a finding. Applicant's counsel argued to this Court that Owners' hardship was the lack of parking available in the neighborhood, particularly at night when they return home from work. However, although a shortage of neighborhood parking may present a hardship to Owners, it is not a hardship based upon a condition unique to the Property.

"The hardship must be unique to the property at issue, not a hardship arising from the impact of the zoning regulations on the entire district." *Marshall*, 97 A.3d at 329. Reynolds testified that **the lack of City parking is a notorious problem, particularly in Owners' neighborhood**. She admitted that street parking is only permitted on the opposite side of the street from the Property, but she and Hemphill explained that the neighbors obtained residential parking permits from the City that have alleviated the residents' parking problems. *See* R.R. at 44a, 49a-50a. Hemphill stated that, 9 times out of 10, she and her husband are able to find parking on their street. *See* R.R. at 50a. Reynolds and Hemphill acknowledged that three properties on the 200 block have front yard parking spaces like the one Applicant proposed, including Owners' attached neighbor;[8] however, none were installed in the

Accordingly, the trial court did not err by failing to conduct a hearing to take additional evidence on that issue.

[8] Notably, in Applicant's May 5, 2015 appeal to the ZBA, he declared that compliance with the Zoning Code would cause an unnecessary hardship because the proposed parking space cannot meet the Zoning Code's setback requirements, and added that the proposed "configuration is common on our block with many homes on this side of the street having parking located in the front yard set[]back." R.R. at 18a.

This Court has held that "grants of variances to one's neighbors do not, as a matter of law, furnish a property owner with any legal justification for a variance . . . . Each must be judged on its own merits." *Vito v. Zoning Hearing Bd. of Borough of Whitehall*, 458 A.2d 620, 621 (Pa. Cmwlth.

12

past 20 years and the three existing ones were grandfathered.[9] *See* R.R. at 43a-45a, 48a. Reynolds further declared that Owners purchased the Property from a developer with knowledge that the proposed parking space was prohibited, since the developer "tried to do exactly the same thing," but was denied by the City's Street Department. R.R. at 42a.

Since the evidence makes clear that every property in the subject neighborhood is hampered by parking limitations and is bound by the same surface parking restrictions set forth in Section 14-803(1)(b)(.1)(.a) of the Zoning Code, there is nothing unique about the Property's physical circumstances or conditions that creates an unnecessary hardship in this instance. Because Applicant did not satisfy the Zoning Code requirement "that the unnecessary hardship is . . . not [due] to circumstances or conditions generally created by the provisions of this Zoning Code in the [RSA-3 Zoning District]," as mandated by Section 14-303(8)(e)(.2) of the Zoning Code, the ZBA could not making such a finding. Accordingly, there was no evidence before the ZBA of an unnecessary hardship unique or peculiar to the Property.[10]

---

1983). Our Supreme Court has rejected the argument that a variance may be granted merely because other variances had been issued for adjacent properties subject to similar circumstances, stating:

> the acceptance of such an argument would lead to absurd results. Under appellant's theory the issuance of a single variance would justify a complete rezoning of a particular area by the utilization of the variance procedure, a practice condemned on numerous occasions by this court.

*Spadaro v. Zoning Bd. of Adjustment of Phila.*, 147 A.2d 159, 161 (Pa. 1959).

[9] Testimony by Applicant, Reynolds and Hemphill revealed that there are also several driveways along the street providing certain qualified residents access to their rear parking spaces. However, since a rear parking space is not at issue in this case, that evidence is irrelevant.

[10] Because Applicant failed to meet his burden of proving this first criteria, we need not address whether the ZBA erred by concluding that "the remaining criteria for grant of a variance are satisfied" and, thus, failing to make specific findings relative to the remaining unnecessary hardship

13

**Conclusion**

Based on the foregoing, the record evidence reveals that the ZBA granted Applicant a variance without findings supported by substantial evidence that physical circumstances unique to the Property created an unnecessary hardship. We acknowledge that "[a zoning board's] interpretation of its own zoning ordinance is entitled to great deference and weight."[11] *Hafner v. Zoning Hearing Bd. of Allen Twp.*, 974 A.2d 1204, 1210 (Pa. Cmwlth. 2009). We also recognize that "ordinances are to be construed expansively, affording the landowner the broadest possible use and enjoyment of his land." *Tink-Wig Mountain Lake Forest Prop. Owners Ass'n v. Lackawaxen Twp. Zoning Hearing Bd.*, 986 A.2d 935, 941 (Pa. Cmwlth. 2009).

> **However, a zoning board** is not a legislative body, and it **lacks authority to modify or amend the terms of a zoning ordinance**. '[Z]oning boards . . . **must not impose their concept of what the zoning ordinance should be**, but rather their function is only to enforce the zoning ordinance in accordance with the applicable law.' Thus, **the [ZBA] is required to apply the terms of the Zoning Ordinance <u>as written</u>** rather than deviating from those terms based on an unexpressed policy.

*Greth Dev. Grp., Inc. v. Zoning Hearing Bd. of Lower Heidelberg Twp.*, 918 A.2d 181, 187 (Pa. Cmwlth. 2007) (citation omitted; emphasis added) (quoting *Ludwig v. Zoning Hearing Bd. of Earl Twp.,* 658 A.2d 836, 838 (Pa. Cmwlth. 1995)). Our Supreme Court succinctly explained:

> In the leading case of *Application of Devereux Found*[.], . . . 41 A.2d 744, . . . 746[-47 (Pa. 1945)], Justice, now Chief

---

criteria specified in Section 14-303(8)(e)(.2)(.b)-(.d) of the Zoning Code. ZBA Dec. at 4; R.R. at 347a.

[11] The Pennsylvania Supreme Court has made clear that "the authority of a zoning board to act arises exclusively from the ordinance and the enabling statute and the language of both demarcates [its] jurisdiction . . . ." *Norate Corp. v. Zoning Bd. of Adjustment of Upper Moreland Twp.*, 207 A.2d 890, 893-94 (Pa. 1965).

Justice, Stern said, in discussing a variance: 'It was said in *Kerr's Appeal*, . . . 144 A. 81, 84 [(Pa. 1928)]: 'The **difficulties and hardships, which move the board of adjustment to depart from the strict letter of the ordinance, should be substantial and of compelling force**.' And in *Valicenti's Appeal*, . . . 148 A. 308, 310[-]11 [(Pa. 1929)], it was said: 'It is true that variations may be permitted, but only in cases of practical necessity, and for reasons that are 'substantial, serious and compelling.'' . . . '**The strict letter of the ordinance may be departed from only where there are practical difficulties or unnecessary hardships in the way of carrying it out**; and in such manner that the spirit of the ordinance may be observed, the public health, safety and general welfare secured and substantial justice done. No other considerations should enter into the decision.' . . . **Mere hardship is not sufficient; there must be *unnecessary* hardship** . . . .

'We do not believe that it was the intention of the legislature, nor of the township supervisors, to empower a board of adjustment to set at naught the zoning statute and ordinance under the guise of a variance. **The power to authorize such a variance is to be sparingly exercised and only under peculiar and exceptional circumstances, for otherwise there would be little left of the zoning law to protect public rights; prospective purchasers of property would hesitate if confronted by a tribunal which could arbitrarily set aside the zoning provisions designed to establish standards of occupancy in the neighborhood**. Indeed, if such power were to be interpreted as a grant to the board of the right to amend or depart from the terms of the ordinance at its uncontrolled will and pleasure, it might well be challenged as being an unconstitutional delegation of legislative authority to a purely administrative tribunal.'

*Pincus v. Power*, 101 A.2d 914, 916 (Pa. 1954) (emphasis added) (quoting *Devereux Found.*, 41 A.2d at 747). Here, the ZBA failed to adhere to the Zoning Code's mandates.

Moreover, "[w]here substantial evidence does not support the [ZBA]'s findings, the [ZBA] abused its discretion and reversal is warranted." *Hafner*, 974

A.2d at 1209 n.1. Even reviewing the evidence in the Applicant's favor, as we must, we hold that there was not substantial evidence to support the ZBA's findings and conclusions that denial of the requested variance would result in unnecessary hardship. In the absence of such findings, the ZBA's decision must be reversed.

Based upon the foregoing, the trial court's order is reversed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Chestnut Hill
Community Association

Appeal of: Chestnut Hill Community
Association, Lawrence D. McEwen,
Eileen M. Reynolds, Tom Hemphill
and Susan Hemphill

:
:
:
:
:
:
:
:

No. 1175 C.D. 2016

## O R D E R

AND NOW, this 3rd day of March, 2017, the Philadelphia County Common Pleas Court's June 8, 2016 order is reversed.

_____
ANNE E. COVEY, Judge